State Farm Fire & Cas. Co. v Moving & Stor., Inc. (2025 NY Slip Op 02667)

State Farm Fire & Cas. Co. v Moving & Stor., Inc.

2025 NY Slip Op 02667

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Renwick, P.J., Manzanet-Daniels, Higgitt, Rosado, Michael, JJ. 

Index No. 805366/21|Appeal No. 4233|Case No. 2024-02337|

[*1]State Farm Fire & Casualty Company as Subrogee of K&B Global Corp., Plaintiff-Appellant,
v
Moving & Storage, Inc., Defendant-Respondent. 

Stuart D. Markowitz, P.C., Jericho (Jason Levine of counsel), for appellant.
Ondrovic & Platek PLLC, White Plains (Daniel E. O'Neill of counsel), for respondent.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about March 14, 2024, which granted the motion of defendant Moving & Storage, Inc. (M & S) for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the motion denied, and the complaint reinstated.
Plaintiff State Farm Fire & Casualty Company's insured, K&B Global Corp. (K&B), suffered property damage as well as loss of income as a result of a fire that originated in the adjoining warehouse, which was occupied by defendant M & S. Selective Insurance Company of America was one of M & S's insurance carriers. K&B filed a claim with State Farm, which ultimately paid them $217,143.63, with the final payment made in 2021. State Farm also informed K&B that M & S was the responsible party and that Selective was one of the insurance companies involved. It is undisputed that State Farm did not send a letter to Selective to place them on notice of their subrogation rights.
Prior to the final payment in 2021, K&B signed a general release with Selective, in which Selective paid K&B $92,424.24. In exchange for payment, K&B agreed to release and discharge M & S and Selective from any and all claims that may be submitted by another insurance carrier on K&B's behalf. Neither K&B, Selective, or M & S obtained State Farm's consent prior to entering the release.
Supreme Court should have denied M & S's motion for summary judgment because State Farm raised triable issues of fact as to whether Selective had actual or constructive knowledge that State Farm had already paid benefits to K&B and thus obtained subrogation rights against M & S. It is well settled that "[o]nce an insurer has paid a claim and the tortfeasor knows or should have known that a right to subrogation exists, the wrongdoer and the insured cannot agree to terminate the insurer's claim without its consent and such an agreement cannot be asserted as a defense to the insurer's cause of action" (Fasso v Doerr, 12 NY3d 80, 88 [2009]; see also American Tr. Ins. Co. v Smiley, 198 AD3d 557, 558 [1st Dept 2021]). Additionally, "a release given to a tort-feasor who has knowledge of the insurer's rights will not preclude the insurer from enforcing its right of subrogation against the wrongdoer" (Silinsky v State-Wide Ins. Co., 30 AD2d 1, 3 [2d Dept 1968]; see also Scavone v Kings Craft Corp., 55 AD2d 807, 807 [4th Dept 1976]; Allstate Ins. Co. v Mazzola, 175 F3d 255, 260-261 [2d Cir 1999]).
Here, although the review of State Farm's files did not disclose any written notice to Selective by State Farm prior to the signing of the release, State Farm's May 14, 2020 letter to K&B identified M & S as the responsible party and that the insurance companies involved included Selective. Further, the deposition testimony of K&B's owner that he and his daughter spoke with Selective regarding their insurance claim submitted to State Farm and that he received his "final" payment from State Farm in 2021 raised triable [*2]issues of fact as to Selective's, and thus M & S's, actual or constructive knowledge. The sworn testimony of State Farm's fire investigator that he was personally present at the joint inspection along with the inspector for Selective, who was "fully aware that State Farm was the insurance carrier for K&B Global and that a claim had been placed with State Farm by K&B Global in regard to the fire" raised triable issues of fact as to whether State Farm's right of subrogation had accrued before K&B executed the release on November 16, 2020 and whether Selective procured the release with information that, reasonably pursued, would have given it knowledge of the existence of State Farm's subrogation rights (see Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co., 240 NY 37, 46-47 [1925]; see also Allstate Ins. Co. v Mazzola, 175 F3d at 261).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025